IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ARTHUR BROOKS (# 83091)**                                                  **PLAINTIFF**

**v.**                                      **No. 4:07CV107-P-B**

**DELTA CORRECTIONAL FACILITY, ET AL.**                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Arthur Brooks, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On May 31, 2007, Case Manager Speight informed the inmates at the Delta Correctional Facility that the entire facility was on institutional lockdown. Three hours later, the Corrections Corporation of America ("CCA") enforcement team entered the plaintiff's zone and conducted a strip search of each inmate while the inmates were placed outside in the exercise yard in the rain. The inmates remained outside in the rain while the enforcement team searched conducted their search. The plaintiff and the others were then ordered to pack their belongings and proceed to the dining hall. The inmates again had to wait outside – this time for more than an hour – and, during that time, the plaintiff had to urinate on the grass because the prison staff would not let him of the other fifty-two inmates use the restroom during that time. The plaintiff and the others were detained in the dining hall for approximately twelve hours. They were provided a bucket in

which to urinate, and they had nowhere to defecate during that time. The plaintiff alleges that his lack of access to restroom facilities caused him to defecate on himself and sleep in his own feces. He also alleges that the enforcement team sprayed mace in the zone when they departed, causing the plaintiff to sneeze for about twenty minutes. When prison officials revealed the reason for the lockdown, the plaintiff discovered that it had nothing to do with him.

### Physical Injury Required to Recover Mental or Emotional Damages

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). To the extent that the plaintiff has alleged injury, it was *de minimis*. *Siglar v. Hightower*, 112 F.3d 191, 193(5th Cir. 1997) (a sore bruised ear lasting for three days was *de minimis* injury). As such, he cannot recover for mental or emotional injury. For these reasons, the plaintiff's complaint must be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of July, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE